IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

MARCEL HAKEEM HOWZE, #07446-068     *
      Petitioner
                                             *

    v.                                                     Civil Action No. RDB-05-2637
                                             *

STEPHEN DEWALT,
      Respondent                        *
                                            *****

**MEMORANDUM OPINION**

Pending is a 28 U.S.C. § 2241 petition for writ of habeas corpus filed *pro se* by Marcel Hakeem Howze, a federal prisoner incarcerated at the Federal Correctional Institution in Cumberland, Maryland. In this habeas application, Petitioner challenges the calculation of his prison jail time credits. Respondent, Warden Stephen Dewalt, through counsel, has filed a Response to the Petition. (Paper No. 3). Petitioner has not filed a Reply.[1] Upon review of the pleadings, exhibits, and applicable law, the Court determines that no hearing is necessary, and denies the Petition with prejudice. *See* Local Rule 105.6 (D. Md. 2004).

**I. Petitioner's Claims**

Petitioner contends that he is entitled to additional credit for jail time served in state custody. Specifically, he claims that the Bureau of Prisons ("BOP") has failed to credit him for approximately nine months of time he spent serving a parole violation sentence in the Commonwealth of Pennsylvania after his federal sentence was imposed. (Paper No. 1).

---

[1] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), on December 5, 2005, Plaintiff was notified that Defendant had filed a dispositive motion, the granting of which could result in the dismissal of his action. (Paper No. 4). Plaintiff was also informed that he was entitled to file materials in opposition to that motion within seventeen (17) days from the date of that letter and that his failure to file a timely or responsive pleading or to illustrate, by affidavit or the like, a genuine dispute of material fact, could result in the dismissal of his case or in the entry of summary judgment without further notice of the Court. (*Id.*).

## II. Factual Background

Petitioner was arrested by federal authorities on June 4, 2002, on the basis of a Pennsylvania parole violation warrant. He was taken before a federal Magistrate Judge for an initial appearance. (Paper No. 3, Ex. 1). The Pennsylvania Board of Parole filed a detainer with the United States Marshals service on June 5, 2002, for pending parole violations on the Allegheny County, Pennsylvania court docket. (*Id*.) Petitioner was remanded to the custody of the Commonwealth of Pennsylvania on June 10, 2002, by the federal Magistrate. (*Id*.)

On November 7, 2003, Petitioner was sentenced to sixty months imprisonment in the United States District Court for the Western District of Pennsylvania. (*Id*., Attachment A). The Judgment was silent as to how it would run against his state sentence for violating terms of his parole. (*Id*.) Petitioner was re-paroled from his Pennsylvania sentence to begin serving his federal term of imprisonment on August 4, 2004. The entire time Petitioner spend in Pennsylvania jails was credited against his Pennsylvania sentence. (*Id*., Attachment C).

The Bureau of Prisons (BOP) calculated petitioner's federal sentence to begin on August 4, 2004, the date he was paroled from his Pennsylvania sentence into federal custody. Petitioner's projected release date with good conduct time is December 11, 2008. (Id., Ex. 1 and Attachment B).

## III. Analysis

Petitioner contends that he should have received jail credit from the date he was sentenced by the United States District Court for the Western District of Pennsylvania to the date he was paroled to federal custody. (Paper No. 1). There is, however, no factual or legal basis for his position.

After a federal district court sentences an offender, the Attorney General, through the BOP,

2

has the responsibility for administering the sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992).  "The Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive credit for any time spent in custody." *See United States v. Montez-Gaviria*, 163 F. 3d 697. 700-01 (2nd Cir. 1998); *see also* 18 U.S.C. §35859(a) ("a sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served.").  A federal sentence does not commence until the Attorney General receives defendant into custody for service of the federal sentence. *See Chambers v. Holland*, 920 F. Supp. 618 (M.D. Pa. 1996); *U.S. v. Smith*, 812 F.Supp. 368 (E.D. N.Y 1993).[2]

Prior custody credit is governed by 18 U.S.C. § 3585 (b), which provides:

> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C §3585(b).  Further, the Supreme Court has held that under 18 U.S.C. §3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. at 337.  Under §3585(b), prior custody credit cannot be granted if the prisoner received credit toward another sentence.[3] *See United States v. Brown*, 977 F. 2d 574 (4th Cir. 1992);

---

[2]Although this Court is unaware of any published Fourth Circuit decisions on this question, in *United States v, McLean*, 867 F. 2d 609 (4th Cir. 1989), the appellate court issued an unpublished opinion agreeing with the ruling in *United States v. Flores*, 616 F. 2d 840, 841 (5th Cir. 1980), and stated that "a federal sentence cannot commence prior to the date it is pronounced." 867 F.2d at 609.

[3]Program Statement 5880.28, Sentence Computation Manual, which contains BOP policy for calculating sentences, was promulgated pursuant to 18 U.S.C. §3585.

3

*United States v. Goulden*, 54 F. 3d 774 (4th Cir. 1995); *Dorsey v. Bodgen*, 188 F. Supp. 2d 587, 590 (D. Md. 2002). Petitioner is not entitled to credit on his federal sentence for the period he spent in the Pennsylvania jail because that time has already been credited to his Pennsylvania sentence.

## IV. Conclusion

Accordingly, the petition for writ of habeas corpus is denied. A separate Order shall be issued in accordance with this Memorandum Opinion.

<u>January 19, 2006</u>  /s/
Date            RICHARD D. BENNETT
            UNITED STATES DISTRICT JUDGE